(97 App. Div. 522.)

NEW YORK FLOATING DRY DOCK CO. v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.  November 11, 1904.)

1. APPEAL—HARMLESS ERROR—IMPROPER EVIDENCE.

   In an action for damages for the appropriation of property by a city, error in permitting experts who testified for plaintiff to give their reasons for adopting the amounts they testified to as the value of the property was not prejudicial to defendant when the referee ignored the testimony of plaintiff's witnesses and based his award on the testimony of defendant's witnesses.

Appeal from Judgment on Report of Referee.

Action by the New York Floating Dry Dock Company against the city of New York and others.  From a judgment for plaintiff, entered upon a report of referees, defendants appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Theodore Connoly, for appellants.
William N. Dykman, for respondent.

PATTERSON, J.  This is an appeal from a judgment entered upon the report of referees appointed to hear and determine the issues in the action, which was originally begun for equitable relief, but in which it is now conceded that the only contest before the referees, as the case eventually shaped itself, was the amount which should be awarded to the plaintiff as damages for taking its property, or property interests, in the bulkhead and pier mentioned in the complaint. In that view of the case it is unnecessary to consider anything other than the evidence bearing upon the subject of value.  The situation is stated in a few words by counsel for the city of New York (appellant), as follows, viz.:  'The city, through the board of docks, has taken possession of property of the plaintiff, and has proceeded to construct bulkheads and piers in front of the plaintiff's premises.  That has been done in good faith, and the simple question is, what amount of damages has been sustained by the plaintiff by reason of the acts of the defendants so done in good faith?  The city entered into possession or occupation of this property under a contract of sale with the plaintiff.  It is not disputed that the plaintiff owned a very valuable bulkhead and pier property on the East river, in the borough of Manhattan, and had attached to the premises floating dry docks, from which it derived large revenues and profits.  For the purpose of carrying out certain improvements of the water front, which it is not now necessary to refer to specifically, the dock commissioners of the city of New York entered into a contract with the plaintiff for the purchase of its property for a sum of money which, upon the record now before us, was much below its real value.  That contract, to become operative, required the approval of the commissioners of the sinking fund, which was never given because of the objection of Mr. McLean, an engineer of the finance department, who reported to the comptroller that the property was not worth the sum the dock com-

missioners had agreed to pay for it. It is perfectly obvious that Mr. McLean's estimate of value was entirely wrong. In anticipation of the approval of the contract by the commissioners of the sinking fund, the dock commissioners entered upon and took possession of the premises in question, and proceeded to construct a seawall along the bulkhead line of the property, and they have remained in possession of all the property. It was abundantly shown before the referees that the plaintiff was the owner of $8935/10000$ undivided parts of the pier between Pike and Rutgers street, known as "Old Pier 42," and also had the right to take and hold to its own use all and all manner of wharfage, cranage benefits, and advantages growing, arising, or accruing by or from the wharf or bulkhead on the southerly side of South street for the distance of 443 feet. What the plaintiff was entitled to recover was the value of its property rights, and it was upon that subject that proof was given. The plaintiff called three witnesses as to value. Two of them—Mr. Cram and Mr. Meyer—were dock commissioners at the time the abortive agreement was made between the plaintiff and the Dock Department. One of them testified that the property in question—that is to say, all that the plaintiff owned and had for sale—was worth $735,000 and the other $800,-000. The third witness—Mr. William E. Clyde, a stockholder of the plaintiff, and who had been engaged in the steamship business for the greater part of his life—fixed the value at $800,000. The main ground urged by the appellant for the reversal of the judgment is that the referees permitted on direct examination the witnesses called by the plaintiff to give their reasons for adopting the amounts they testified to as the value of the property. They had, from undoubtedly intimate knowledge, testified as experts. It perhaps was technically erroneous to allow them on direct examination to fortify their statements by reasons and arguments, or to give the mental processes by which they arrived at a result (Kingsland v. The Mayor, 60 Hun, 489, 15 N. Y. Supp. 232), but, notwithstanding this, it is evident that the referees did not base their finding of value upon the testimony given by the plaintiff's witnesses at all, but, on the contrary, that they accepted the evidence introduced by the defendants on the subject of value, and made an award which rests upon the computation of value made by the defendant. They took as the standard the amount which had been paid by the city to Mrs. Bell for certain bulkhead property of hers in the vicinity, and, taking the amount paid by the city for that specific property, they had a fair and reasonable basis upon which to make a determination as to value, and one furnished by the defendant the city of New York itself. It is plain that the referees ignored the testimony of the plaintiff's witnesses as to value. If they had been affected by it, the result would have been a very much larger judgment for the plaintiff. We see no reason why the city should complain of an award which is based upon proofs submitted by itself. It is true that the judgment rendered is for a larger sum than that which the plaintiff was ready to accept under the agreement of sale which was rejected by the commissioners of the sinking fund upon the recommendation of the engineer of the comptroller; but the gross error

of that engineer, which prevented the consummation of that contract, furnishes no reason why the plaintiff should not now receive the real value of its property as ascertained from data furnished by the city itself.

The judgment should be affirmed, with costs. All concur.